UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EMMETT K.,[1]

                                                      Plaintiff,            Case # 23-cv-6036-FPG

v.                                                                        DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                    Defendant.
_____

## INTRODUCTION

On October 22, 2019, Plaintiff Emmett K. protectively applied for Supplemental Security Income under Title XVI of the Social Security Act (the "Act"). Tr.[2] 15. The Social Security Administration ("the SSA") denied his claim and Plaintiff appeared at a hearing before Administrative Law Judge ("ALJ") Brian Kane on March 26, 2021. *Id.* A second hearing was scheduled for July 9, 2021. *Id.* The claimant did not appear, but a vocational expert testified. *Id.* Plaintiff then appeared for a hearing on October 22, 2021. *Id.* On December 22, 2021, the ALJ issued an unfavorable decision. *Id.* at 12-34. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. *Id.* at 1. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 7, 9. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED and the matter is remanded to the SSA for further proceedings consistent with this opinion.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 4.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

**LEGAL STANDARD**

**I.    District Court Review**

When reviewing a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

**II.    Disability Determination**

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 416.920.

## DISCUSSION

### I.  The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits using the process described above.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 22, 2019, the application date.  Tr. 27.  At step two, the ALJ found that Plaintiff had the following severe impairments: status post spinal fusion surgery, diabetes, and obesity.  *Id.*  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of one of the impairments in the Listings.  *Id.* at 19.  The ALJ then determined that Plaintiff maintained the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), except that he can sit for at least six hours and walk for up to two hours, can occasionally lift and carry twenty pounds, can frequently lift and carry ten pounds, and would need to use a cane for both ambulation and balance.  *Id.* at 20.

At step four, the ALJ concluded that Plaintiff had no past relevant work.  Tr. 26.  Relying on vocational expert testimony, the ALJ concluded at step five that there were jobs that existed in the economy that Plaintiff could perform including order clerk, document preparer, assembler, all of which are classified as sedentary.  *Id.* at 27.  Such jobs also existed if ALJ included greater restrictions in lifting and carrying, including document preparer, press clippings trimmer, and election clerk, all of which are classified as sedentary.  *Id.* at 27, 53.  Accordingly, the ALJ found that Plaintiff was not disabled.  *Id.* at 27.

### II.  Analysis

Plaintiff argues that remand is warranted for three reasons.  First, he argues that the ALJ failed to reconcile his RFC finding and his step five finding with consultative examiner Harbinder Toor, M.D.'s "persuasive" opinion that identified moderate-to-marked limitations in standing,

3

walking, sitting, bending, and lifting. ECF No. 7-1 at 10-16. Second, he argues that the ALJ failed to properly evaluate the consistency and supportability of the opinions of PA Jonathan Scott and PA Taylor Indivero. *Id.* at 16-18. Third, he argues that the ALJ's evaluation of the findings of state agency medical consultants A. Saeed, M.D., and R. Abueg, M.D., was confusing and internally inconsistent, preventing meaningful review. *Id.* at 18-20. As explained below, the Court agrees with Plaintiff that the ALJ's failure to properly reconcile Dr. Toor's opinion with the RFC and step five findings warrants remand.[4]

Plaintiff argues that remand is warranted because the ALJ failed to explain why he did not adopt the portions of Dr. Toor's "persuasive" opinion that conflicted with the RFC finding that Plaintiff was capable of a reduced range of light work. ECF No. 7-1 at 12. He also argues that the ALJ failed to explain how the limitations that Dr. Toor identified were consistent with the ability to perform the sedentary work on which the ALJ relied at step five. *Id.* at 13-16. The Commissioner argues that the limitations that Dr. Toor identified are not inconsistent with the ability to perform sedentary or light work, that the ALJ was not required to adopt Dr. Toor's opinion wholesale despite finding it persuasive, and that the ALJ properly considered Dr. Toor's opinion in the context of the overall record. ECF No. 9-1 at 12-15.

An ALJ's RFC conclusion "need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence." *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022). Instead, the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order). The RFC finding is "administrative in nature, not medical, and its

---

[4] Because the Court concludes that remand is warranted on this basis, it does not address Plaintiff's remaining arguments. *Matthew M. v. Comm'r of Soc. Sec.*, No. 20-CV-1644, 2022 WL 3346949, at *5 (W.D.N.Y. Aug. 12, 2022).

determination is within the province of the ALJ." *Curry v. Comm'r of Soc. Sec.*, 855 F. App'x 46, 48 n.3 (2d Cir. 2021) (summary order).

The ALJ determined that Plaintiff could perform a reduced range of light work, but relied on occupations categorized as "sedentary" in concluding that Plaintiff was not disabled at step five. *See* Tr. 18, 26-27.

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

20 C.F.R. § 416.967(b). A person capable of performing light work can generally "also do sedentary work, unless there are additional limiting factors such as . . . [an] inability to sit for long periods of time." *Id.* Sedentary work involves "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." *Id.* § 416.967(a). "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.* "Occasionally . . . would generally total no more than about 2 hours of an 8-hour workday. Sitting would generally total about 6 hours of an 8-hour workday." SSR 96-9p, 1996 WL 374185, at *3 (July 2, 1996) (internal quotations omitted).

Moderate limitations for sitting do not necessarily preclude sedentary work because such work does not necessarily require a person to sit continuously for six hours. *See Kevin M. v. Kijakazi*, No. 20-CV-6802L, 2022 WL 2704527, at *2 (W.D.N.Y. July 12, 2022); *Josielewski v. Berryhill*, No. 15-CV-728, 2018 WL 903471, at *5 (W.D.N.Y. Feb. 15, 2018). Instead, a person performing sedentary work is generally required "to work in two-hour periods," *id.*, taking into

account "a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals" in an eight-hour workday. SSR 96-9p, 1996 WL 374185, at *6. Nevertheless, a person's ability to sit for a total of six hours is "crucial for the sedentary work analysis." *Cassandra H. v. Comm'r of Soc. Sec.*, No. 20-CV-6776, 2022 WL 17037628, at *3 (W.D.N.Y. Nov. 17, 2022) (citing SSR 96-9p, 1996 WL 374185, at *6). Moreover, although a moderate limitation for sitting alone does not necessarily preclude sedentary work, such a limitation combined with moderate limitations for standing and walking may. *See Cassandra H.*, 2022 WL 17037628, at *4 (citing *Steven C. v. Comm'r of Soc. Sec.*, 592 F. Supp. 3d 132 (W.D.N.Y. Mar. 22, 2022)). In *Steven C. v. Commissioner of Social Security*, for example, the court concluded that "moderate to severe limitations for standing and walking," coupled with a moderate limitation for sitting a long time, were "not consistent with an RFC requiring plaintiff to perform sedentary work." 592 F. Supp. 3d at 139 (citing *Thurman v. Comm'r of Soc. Sec.*, No. 17-CV-474, 2018 WL 4940726, at *4 (W.D.N.Y. Oct. 12, 2018)).

Here, Dr. Toor opined that Plaintiff had moderate-to-marked limitations in standing, walking, sitting, bending, and lifting. Tr. 23, 653. The ALJ determined that Dr. Toor's opinion was "supported by an internal evaluation of the claimant" and was "generally consistent with the claimant's treatment records." Tr. 23. Accordingly, the ALJ "provide[d] exertional limitations with the use of a cane" and found that "the opinion is persuasive as to the degree of limitation." *Id.* Despite finding Dr. Toor's opinion that Plaintiff suffered from the same degree of limitation in sitting, standing, and walking persuasive, the ALJ somehow concluded that, on the one hand, a moderate to marked limitation in sitting allowed Plaintiff to sit for six hours each workday, while, on the other hand, a moderate to marked limitation in standing and walking allowed him to stand

or walk for two hours each workday. The ALJ does not explain that apparent discrepancy. *See Cassandra H.*, 2022 WL 17037628, at *4.

The Commissioner correctly notes that the ALJ's RFC finding did not have to "perfectly correspond" with Dr. Toor's opinion, *Schillo*, 31 F.4th at 78, and that the ALJ was "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole," *Matta*, 508 F. App'x at 56, including Plaintiff's treatment records. Nevertheless, even though the ALJ determined that Dr. Toor's opinion was "supported by an internal evaluation of the claimant" and "generally consistent with [Plaintiff's] treatment records," Tr. 23, his decision does not demonstrate that he made a logical connection between Plaintiff's moderate-to-marked limitations in sitting, standing, and walking, and his ability to perform the exertional requirements of sedentary work. *Cassandra H.*, 2022 WL 17037628, at *4; *see also Smith*, 2020 WL 4904956, at *3 (ALJ must construct "an accurate and logical bridge between his recitation of the facts and the conclusions he reached."); Tr. 26 (concluding that Plaintiff can sit for at least six hours and stand and walk for up to two hours).

The Commissioner also argues that Plaintiff's daily activities were "at odds with his claims of disability, and, significantly, supported at least an RFC for a reduced range of light work." ECF No. 9-1 at 11 (citing 20 C.F.R. § 416.929(c)(3)(i)). But the ALJ did not rely on evidence of Plaintiff's daily activities in formulating the RFC. *See* Tr. 20-26; *see also* ECF No 9-1 at 11-12 (citing record, but not the ALJ's decision, for description of Plaintiff's daily activities). While Plaintiff's daily activities may lend support to the ALJ's decision, the ALJ did not explain how Plaintiff's daily activities supported his RFC finding. This Court may not rely on them to uphold the ALJ's decision. *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("A reviewing court 'may not

7

accept appellate counsel's *post hoc* rationalizations for agency action.'" (quoting *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962))).

In sum, the ALJ failed to make a logical connection between the moderate-to-marked limitations identified in Dr. Toor's persuasive opinion and Plaintiff's ability to perform the reduced range of light work identified in the RFC finding and the sedentary jobs identified at step five. Remand is required so that he may do so.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 7, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 9, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: February 6, 2024
       Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York